**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No.95-60155
_____

DESMOND NUGENT,

Petitioner-Appellee,

VERSUS

STATE OF MISSISSIPPI and RICHARD MARTIN,
Interim Superintendent for the South Mississippi Correctional Institution,

Respondent-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:93-CV-441-GR)
_____

May 29, 1996

Before WISDOM, GARWOOD, and JONES, Circuit Judges.

PER CURIAM:[*]

## BACKGROUND

The petitioner, Desmond Nugent, was arrested in December 1987 and charged with possession of cocaine. In January 1990, Nugent went to trial in Mississippi state court, was convicted, and was sentenced to fifteen years in prison. Over the next two years, the state court granted Nugent two out-of-time appeals and found itself having to appoint numerous attorneys to represent Nugent because the appointed attorneys invariably failed to respond to his case, conflicted out, or withdrew from the criminal defenders' program. Nugent, however, was vigilant during this

  [*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

time, writing letters to all of his appointed attorneys and to the state asking for assistance in moving his appeal forward. These efforts proved fruitless.

In September 1992, Nugent, apparently distraught over his inability to appeal his conviction, filed his first 28 U.S.C. § 2254 motion in federal court. The district court dismissed his motion without prejudice for failing to exhaust state remedies. One year later, Nugent filed his second § 2254 motion with the district court, asking the court to reconsider its September 1992 ruling and alleging specific constitutional violations. The State responded with a motion to dismiss for failure to exhaust state remedies. Determining that the record was insufficient to rule on the motion, the district court ordered the parties to file supplemental briefs. During this time period, the court appointed another new attorney for Nugent.

In November 1994, the State filed a supplemental brief as requested by the Court and asked for a further extension of time to respond to the merits of the claim because the trial transcript had not yet been prepared. The district court issued an order granting the State ten days to file its reply brief after the transcript was finally prepared.

On February 17, 1995, the district judge called the State's attorneys to inquire about the status of the case. The State filed a supplemental response on February 21, advising the court that the proceedings were transcribed, that the notice of appeal in the state courts had been filed by Nugent's attorney, and that the delay was not wholly the cause of the State. The district court, displeased with the State's progress in this case, then issued an order on February 22 in which it granted a conditional writ of release to Nugent, requiring the Mississippi Supreme Court to rule on Nugent's case within 60 days or release Nugent at the expiration of that period.

The State filed a notice of appeal and a motion to stay judgment pending appeal, which the district court denied. The State appealed the denial of the motion to stay to another panel of this Court, who denied the State's request.

Under the order of the district court, the State should have released Nugent on April 23, 1995, because the Mississippi Supreme Court had not yet decided Nugent's case by that date; in fact,

the Mississippi Supreme Court had not even set the briefing deadlines by that point. For reasons that are not in the record, April 23 passed yet Nugent remained imprisoned. Having served the requisite seven years and six months of his fifteen year sentence, Nugent was finally released on June 12, 1995, on parole. In March 1996, Nugent's attorney was permitted to file an out-of-time brief with the Mississippi Supreme Court, which he did.

The State now appeals the district court's conditional writ of release to Nugent.

## DISCUSSION

The district court determined that Nugent had exhausted his state remedies and that the appellate delay constituted a violation of his due process rights, warranting the conditional writ of release.[1] "Release from custody is an extraordinary remedy, especially in a delay-of-appeal case where release would in effect nullify a state court conviction on grounds unrelated to the merits of the case."[2] The conditional release is best reserved for limited situations in which the state has systemic problems in its public defender program that routinely lead to inordinate appellant delays[3]

---

[1]  See Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990) (holding that although state prisoners do not have a constitutional right to an appeal, when the state chooses to allow its prisoners to appeal, then due process rights attach).

[2]  Id. at 869.

[3]  Cf. Harris v. Champion, 15 F.3d 1538, 1549 (10th Cir. 1994) (addressing the inordinate backlog in the Oklahoma Public Defender system); Stubbs v. Leonardo, 973 F.2d 167, 169 (3d Cir. 1992) (expressing concern over "the pattern of state court appellate delays in criminal cases"); Brooks v. Jones, 875 F.2d 30, 32 (2d Cir. 1989) (stating that the Court "believe[d] it imperative to take some action toward the end that the problem of lengthy delays in processing criminal appeals in New York state courts will be addressed and corrected by those courts).

or when the substantial appellate delay has rendered a review of the petitioner's trial court record impossible.[4]  In the instant case, there is no evidence of such problems.[5]

Next, we note that the district court has not fully explained how the delays were the fault of the state, one of the factors to be addressed when determining whether there is a due process violation.[6]  While it is true that Nugent has had the extreme misfortune of having numerous attorneys appointed to represent him, it is not clear to us from the record that this situation is entirely the fault of the state.[7]  Under these circumstances, it was improper for the district court to grant Nugent a conditional writ of release; rather, the district court should have considered other options, such as taking the steps necessary to address the merits of Nugent's claims or ordering the parties to file their appellate briefs in the Mississippi Supreme Court within a specified period of time.  Finally, we also desire that the district court have the benefit of considering the developments subsequent to its decision, namely the fact that Nugent's appeal finally has began moving forward before the Mississippi Supreme Court and that Nugent is no longer in custody.[8]  In the light of the foregoing, we VACATE the district court's conditional writ of release and REMAND this case to the district court to conduct further inquiry into this case and to fashion an appropriate remedy for Nugent.

[4]  See Reynolds, 898 F.2d at 869; see also Simmons v. Beyer, 44 F.3d 1160, 1171 (3d Cir.) (holding that the conditional writ is appropriate because the substantial appellate delay resulted in the destruction of the prisoner's trial record, rendering a review of the record impossible), cert. denied, 116 S. Ct. 271 (1995).

[5]  Nugent alleges several violations of his rights:  lack of trial court jurisdiction, denial of a speedy trial, denial of appeal as right, and ineffective assistance of counsel.  None of these claims appear affected by the passage of time since Nugent's trial.

[6]  To determine whether appellate delay gives rise to a due process claim, the court must consider several factors:  the length of delay, the reason for the delay, the defendant's assertion of the right to appeal, and, most importantly, the prejudice suffered by the defendant as a result of the delay.  United States v. Bermea, 30 F.3d 1539, 1569 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113 and 115 S. Ct. 1825 (1995).

[7]  Cf. Reynolds, 898 F.2d at 868 (noting that the state appointed only one attorney for the prisoner and that attorney never filed the prisoner's appeal in the five years for which he was assigned to the case, despite the protestations of the prisoner).

[8]  Despite our ruling in favor of the State, this Court is particularly troubled by Mississippi's retention of Nugent beyond April 23, 1995, signifying a flagrant disregard for the district court's writ of release and this Court's opinion denying a stay of that writ pending this appeal.  As a result, we caution the district court to consider Mississippi's willingness to follow its orders when fashioning an appropriate remedy, though this issue may best be handled in a civil suit.